449 P.2d 51

Clarence W. LORD, Olive M. Bennett and George P. Bennett, her husband, Appellants,

v.

The ARIZONA CORPORATION COMMISSION; E. T. "Eddie" Williams, Jr., Dick Herbert and Milton J. Husky, as members of and constituting the Arizona Corporation Commission; George A. Bushnell, as Director of Insurance for the State of Arizona; the State of Arizona, Appellees.

No. 1 CA–CIV 816.

Court of Appeals of Arizona.

Dec. 31, 1968.

Rehearing Denied Feb. 20, 1969.
Review Denied March 25, 1969.

Gust, Rosenfeld & Divelbess, by Devens Gust, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., for appellees.

MOLLOY, Judge.

This is a declaratory judgment action brought by three persons employed by the Director of Insurance of the State of Arizona for an interpretation of certain provisions of our code establishing and regulating the office of Director of Insurance, A.R.S. § 20–141 et seq. The plaintiff-employees take the position that their employment is by the Director of Insurance and that their services can only be terminated by this officer; while the defendants, members of the Arizona Corporation Commission, take the position that the Director of Insurance is an agent of the Arizona Corporation Commission and that all persons officially employed by that officer are employees of the Arizona Corporation Commission and subject to the authority of that public body.

The trial court rendered judgment, on cross motions for summary judgment, in favor of the defendants, declaring that the plaintiffs are employees of the Arizona Corporation Commission and subject to its authority, supervision and direction.

There is no question but what the legislature attempted to establish the office of the Director of Insurance as a semiautonomous office with the authority to appoint and control its employees. Authority to employ and to control those in the plaintiffs' situation is clearly vested in the Director by applicable portions of the Insurance Code of 1954:

"§ 20–146.

"A. The *director shall appoint* a supervisor of insurance rates, who shall also serve as chief deputy director of insurance.

"B. The supervisor of insurance rates shall be a person versed in insurance rating procedure and familiar with the operation of insurance companies and rating organizations, and shall have supervision, *under the director,* of the administration of laws pertaining to insurance rates and rating organizations.

"C. The supervisor shall be subject to removal for cause.

\* \* \*"

(Emphasis added) As amended Laws 1962, Ch. 98, § 33.

"§ 20–147.

"A. The *director shall appoint* an assistant director of insurance and a chief examiner." (Emphasis added)

\* \* \* \* \* \*

"§ 20–148.

"A. The *director shall appoint* such other deputies and assistants, examiners and clerks at salaries fixed by him, as necessary properly to discharge the duties imposed upon the director under this title.

"B. The director may from time to time contract for and procure, on a fee or part time basis, or both, such actuarial, technical and other professional services as he may require for the operation of his office.

"C. The compensation of each deputy, actuary, examiner, assistant and clerk shall be *as fixed by the director,* subject to § 20–155."

(Emphasis added)

"§ 20–150.

"A. Any power, duty or function, whether ministerial or discretionary, vested by this title in the director may be exercised or discharged by any deputy, assistant or examiner of the director acting in the director's name and by *his delegated authority.*

"B. The *director shall be responsible* for the official acts of his deputy, assistant, examiner or employee acting in the director's name and by his authority." (Emphasis added)

However, the legislative intent in these regards has run afoul of constitutional barriers. Selective Life Ins. Co. v. Equitable Life Assur. Soc. of U. S., 101 Ariz. 594, 422 P.2d 710 (1967), has declared this attempt to set up a separate department of insurance to be a violation of provisions contained within article 15 of the Arizona Constitution. It is the contention of the plaintiffs, as expressed in a well-documented brief, that the *Selective Life* decision should be limited to the area of licensing foreign corporations, and that except to the extent the plaintiff-employees and those similarly situated are engaged in this function, they are divorced from control of the Arizona Corporation Commission and are under the exclusive direction of the Director of Insurance.

The thesis upon which this construction is advanced is that all possible constitutional features of a legislative act should be upheld and only those portions directly in conflict with constitutional provisions struck down. Reliance is taken upon McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537 (1957), and similar decisions. It is suggested that there is language in *Selective Life* that is purely *obiter dicta* and should be disregarded in solving the problem at hand.

In our view, the contentions advanced by the plaintiffs are foreclosed by the reasoning and holding of the *Selective Life* decision. In particular, we are impressed that the following language bars us from adopting the view advanced by the plaintiffs:

"The powers of the director of insurance as set forth under the act of 1954, *are so entwined with his duties in regard to other matters in the statute that it is impossible to separate them. It is the independent nature of the office itself which presents the constitutional impediment.* Therefore, that part of the act providing for the appointment of a director of insurance is unconstitutional. The question then is what effect this has upon the constitutionality of the remaining portions of the statute under the separability clause. Also, whether that portion of the act repealing the former statute providing for an appointment of a director of insurance who acted under the supervision and control of the corporation commission is affected by the unconstitutional portion of the act. These questions are interrelated, as the law is such that determination of the latter question will resolve the former. The law is clear in regard to this matter. If the legislature would not have repealed the section of the statute providing for the appointment of a director of insurance *under the supervision and control of the corporation commission* had it known this act setting up a new insurance commissioner to be unconstitutional, then the repeal clause of that portion of the act must also fall.

\*   \*   \*   \*   \*   \*

"In the instant case, the clause providing for the appointment of the director of insurance (A.R.S. § 20–141, Subsection A) is invalid as an unwarranted encroachment upon the corporation commission's necessary power over the acts required to be done by that office. Intimately tied to this invalid clause is the section of the act repealing its predecessor, A.C.A. § 61–301a(a). Therefore, in order to protect the purpose of the act in providing a means of regulation of foreign and domestic insurers, *the repeal of A.C.A. § 61–301a(a) must fall,* along with its invalid counterpart, A.R.S. § 20–141, Subsection A.

"*We therefore hold A.C.A. § 61–301a (a) to be in full force and effect,* and the control and supervision of the licensing of foreign insurers is subject to the authority of the corporation commission."

(Emphasis added) 101 Ariz. 600–601, 422 P.2d 716.

In *Selective Life,* the Court quotes that portion of the 1939 code to which it refers as "§ 61–301a" :[1]

"'The commission shall appoint a director of insurance who shall have supervision, *subject to the authority of the commission,* of the administration of laws relating to insurance as prescribed in this chapter and regulations promulgated by the commission pursuant thereto.'" (Emphasis in *Selective Life* opinion) 101 Ariz. 598, 422 P.2d 714.

Further insight into *Selective Life,* if any is needed, is given by the fact that this decision of the Supreme Court vacates a previous opinion of this court, at 3 Ariz. App. 162, 412 P.2d 731 (1966). In the intermediate appellate court decision, the opinion was expressed that the Director "* * * is a part of the Corporation Commission for the purpose of licensing foreign insurance corporations * * *" (3 Ariz.App. 166, 412 P.2d 735.) This is the interpretation of the subject statute now advocated by the appellants. Inasmuch as both the intermediate court decision and that of the Supreme Court reach the same result, it seems most probable that the reasoning of the former opinion was rejected by the latter.

In vacating the opinion of this court, the Supreme Court stated:

"The mere power to appoint and remove for cause does not constitute the Director of Insurance the 'agent' of the corporation commission. *Agency requires that the agent act on the principal's behalf and subject to his control.*" (Emphasis added) 101 Ariz. 594, 422 P.2d 710.

We construe *Selective Life* to be a direct holding that the Director of Insurance is "* * * subject to the authority of the commission * * *" Accordingly, we affirm the trial court, which reached the same conclusion.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. This portion of the 1939 Code is probably better designated as § 61–301a(a), see 1962 Cum. Supp.A.C.A.1939, at 720.